UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DREW TRAN
*Individually and on behalf of all others similarly situated,*

Plaintiff,

v.

KIA OF VERO BEACH,

Defendant.
________________________________/

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**

As provided by 28 U.S.C. §1441 *et seq.*, Defendant, KIA OF VERO BEACH ("Defendant"), hereby file this Notice of Removal of the above-styled action from the Circuit Court of the Nineteenth Judicial Circuit, in Indian River County, Florida, where the action is now pending under Case No. 2026-CA-000006-AXXXVB, to the United States District Court for the Southern District of Florida. In connection with this Notice of Removal, Defendant states:

1. The above-styled action was commenced by Plaintiff, DREW TRAN ("Plaintiff"), in the Circuit Court of the Nineteenth Judicial Circuit, in Indian River County, Florida, by the filing of a Class Action Complaint. Defendant received a copy of the Complaint on January 28, 2026. The Complaint is attached hereto as Exhibit A.

2. The action, which is of a civil nature, involves claims by Plaintiff under the federal Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. §227) (the "TCPA"). Specifically, Plaintiff claims that Defendant sent text messages to Plaintiff's cellular telephone.

3. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1441(a), since Plaintiff is alleging violations of a federal statute, as detailed above – the TCPA.

4. As noted above, Defendant first received a copy of the Complaint on January 28, 2026. Thus, this Notice of Removal is timely, since 28 U.S.C. 1446(b) grants parties thirty (30) days to remove an action to Federal Court "after receipt . . . of a copy of the initial pleading . . . or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. 1446(b).

6. To date, the only pleading which Defendant has received is the Complaint, a copy of which is attached as Exhibit A.

7. Given that the above-styled state court action is pending in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida, this case is removable to the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1441(a).

8. Defendant will give written notice of the filing of this Notice of Removal, as required by 28 U.S.C. §1446(d).

## MEMORANDUM OF LAW

### A. **The United States District Court Has Jurisdiction Over this Matter**

A state court action may be removed to a United States District Court where "the district courts of the United States have original jurisdiction[.]" 28 U.S.C. §1441(a). In the instant case, original jurisdiction is available under 28 U.S.C. §1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States." This civil action purports to arise under federal law, since Plaintiff alleges that Defendant violated the federal TCPA and the sole count purportedly arises under the TCPA.

**B. Defendant Has Complied With the Procedure for Removal**

The procedure governing removal of actions first filed in state court is governed by 28 U.S.C. §1446. Section 1446 provides that any defendant desiring to remove a civil action from state court must file a notice of removal which contains:

> a short plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant in such action.

*See* 28 U.S.C. §1446. Furthermore, any notice of removal must be filed within thirty (30) days after receipt of the initial pleading. *See* 28 U.S.C. §1446.

Paragraphs 1 through 8 above set forth the grounds on which removal is sought, specifically citing the federal statutes upon which original jurisdiction is premised (under 28 U.S.C. § 1331) and the factual support for that jurisdiction. Accordingly, Defendant has complied with the terms of 28 U.S.C. §1446 which dictate that a short plain statement of the grounds for removal accompany any notice of removal. In addition, this notice has annexed to it, as Exhibit B, a copy of all process, pleadings and other papers that have been served on Defendant in compliance with 28 U.S.C. §1446.

**C. Conclusion**

Defendant has complied with the procedural requirements of 28 U.S.C. §1446, the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida which govern removal from state court, and this Court has original jurisdiction over this matter. Accordingly, Defendant respectfully requests that the United States District Court for the Southern District of Florida take jurisdiction over this action.

WHEREFORE, Defendant, KIA OF VERO BEACH, hereby gives notice that the state court action pending in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida, under Case No. 2026-CA-000006-AXXXVB is removed to the United States District Court for the Southern District of Florida.

Respectfully submitted this 17th day of February 2026.

***s/ Jose I. Leon***
Jose I. Leon, Esq.
Florida Bar No. 0958212
jleon@grsm.com
dsalinas@grsm.com
GORDON & REES
SCULLY MANSUKHANI
100 SE Second Street, Suite 3900
Miami, Florida 33131
Telephone: 305-428-5322
Facsimile: 877-644-6209
***Counsel for Defendant***